MAY, 1820.

Henry<br>v.<br>Gamble.

---

Gross, appellant, *against* Van Wick and others, appellees.    *May,* 1820.

IN debt by appellees *vs.* appellant, on the trial of the issue in the Court below, on the plea of payment, he offered as a set-off, a note of plaintiffs, not payable, but assigned to him. He introduced no evidence of the time when assignment was made.   The Court rejected the note as evidence of set-off, to which he excepted, and appealed to this Court.

Plaintiff's note in hands of de-fendant as as-signee, cannot be set off, unless it be proved that assignment was made before the commencement of the action.

*Patton* for appellant.   It is the policy of the Law, in or-der to protect negotiable securities, to presume that the as-signment was made before the note was due.   In this case, this presumption would fix the time of the assignment at a date anterior to the commencement of this suit.—1 Cain's Rep. 270.   Buk, N. P. 275.

*Crawford* for appellees, cited 1 Cain's Rep. 72, Missi. Dig. 172.

The Chief Justice delivered the opinion of the Court.

The defendant is authorized to set off the amount in which plaintiffs were indebted to him when they commenced their action.   The debt to be set off must be shewn to have been then a good and subsisting debt to defendant.   In effect he has affirmed that the assignment had been made, and that the note of plaintiff's was due to him when they brought their action, and it lay on him to prove this.   The time of the assignment to him, is to be presumed, to be within his knowledge, and not within that of plaintiffs.   They could not, without a violation of one of the plainest principles of evidence, have been required to prove that the assignment was not made before the action was instituted.  · If the prin-ciple contended for on the part of the appellant were cor-rect, a man indebted by any negotiable securities could not be safe in suing his debtor.   They might, after being sued, procure indorsements, without date or with false dates, of

his notes and subject him to the costs of actions, for which he had good cause when they were instituted.

Let the judgment be affirmed.